**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000395
15-MAY-2013
08:10 AM**

NO. CAAP-12-0000395

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
BLADESIN-ISAIAH K. BAILEY, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 10-1-1061)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Reifurth, JJ.)

Defendant-Appellant Bladesin-Isaiah K. Bailey ("Bailey") appeals from the Judgment of Conviction and Sentence, filed on March 19, 2012, in the Circuit Court of the First Circuit ("Circuit Court").[1] After a jury trial, the Circuit Court entered judgment against Bailey for one count of Robbery in the Second Degree, in violation of Hawaii Revised Statutes ("HRS") § 708-841.[2] Bailey was sentenced as a "youthful offender" to five years imprisonment to run consecutively with his sentence in another case, with credit for time served.

---

[1] The Honorable Karen S.S. Ahn presided.

[2] Bailey was indicted and convicted under subsections (1)(a) and/or (1)(b). HRS § 708-841(1) provides:

> A person commits the offense of robbery in the second degree if, in the course of committing theft . . . . :
>
> (a)   The person uses force against the person of anyone present with the intent to overcome that person's physical resistance or physical power of resistance; [or]
>
> (b)   The person threatens the imminent use of force against the person of anyone who is present with intent to compel acquiescence to the taking of or escaping with the property[.]

Haw. Rev. Stat. § 708-841(1) (Supp. 2012).

On appeal, Bailey argues that (1) the Circuit Court erred by denying Bailey's motion for judgment of acquittal, and (2) there was not substantial evidence to support his conviction.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Bailey's points of error as follows:

(1) Bailey waived his right to argue that denial of his motion for judgment of acquittal was in error. A defendant waives such right by presenting evidence after the close of the State's case. *State v. Pudiquet*, 82 Hawai'i 419, 423, 922 P.2d 1032, 1036 (1996). Bailey presented evidence in his defense. He has waived his right to now argue error.

(2) Bailey's challenge to the sufficiency of the evidence is without merit. For Bailey to prevail here, there must have been no substantial evidence that, in the course of committing theft, he, or an accomplice for whose acts he is liable,[3] either:

> use[d] force against the person of anyone present with the intent to overcome that person's physical resistance or physical power of resistance [or] threaten[ed] the imminent use of force against the person of anyone who is present with intent to compel acquiescence to the taking of or escaping with the property.

HAW. REV. STAT. §§ 702-222, 708-841. Considering the evidence in the light most favorable to the State, *see State v. Richie*, 88 Hawai'i 19, 33, 960 P.2d 1227, 1241 (1998), we conclude that there was substantial evidence to support Bailey's conviction.

The jury heard testimony from the complainant, Bailey, and other witnesses present at the scene. The complainant and other witnesses testified that Bailey confronted the complainant, challenged him to fight, punched him, grabbed him, and placed him in a choke hold. There was also testimony that, while Bailey had the complainant in a choke hold and held him down, Bailey yelled to his companions to search the complainant's pockets, whereupon one of the companions removed and kept the complainant's cell

---

[3] The jury received an accomplice liability instruction.

phone; at that point, Bailey released the complainant.[4]  On these facts, a person of reasonable caution could conclude that Bailey acted with the intent of dispossessing complainant of his belongings and did so forcibly.  *See State v. Grace*, 107 Hawai‘i 133, 139, 111 P.3d 28, 34 (App. 2005).[5]

Therefore,

IT IS HEREBY ORDERED that the March 19, 2012 Judgment of Conviction and Sentence, filed in the Circuit Court of the First Circuit, is affirmed.

DATED:  Honolulu, Hawai‘i, May 15, 2013.

On the briefs:

Shawn A. Luiz,
for Defendant-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Assoicate Judge

Associate Judge

---

[4]  It is undisputed that there was a physical altercation between Bailey and the complainant and that one of Bailey's companions took complainant's cell phone.  To the extent that Defendant's testimony characterized the incident differently, it is for the jury, not this court, to reconcile conflicting testimony.  *See State v. Martinez*, 101 Hawai‘ i 332, 340, 68 P.3d 606, 614 (2003).

[5]  Bailey suggests that his actions were more consistent with an intent to search the complainant for weapons for Bailey's own safety.  Nevertheless, we conclude that it would have been at least justifiable for the jury to infer, instead, that Bailey intended to dispossess the complainant of any belonging found on his person.  *See Grace*, 107 Hawai‘ i at 139, 111 P.3d at 34 ("Under [a review for sufficiency of the evidence], we give full play to the right of the fact finder to determine credibility, weigh the evidence, and draw justifiable inferences of fact." (quoting *State v. Ferrer*, 95 Hawai‘ i 409, 422, 23 P.3d 744, 757 (App. 2001))).